UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Daniel Warner *individually and on behalf*
*of all others similarly situated*;

Plaintiff,

Civil Action **19   5875**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

-v.-

Diversified Consultants, Inc.
and John Does 1-25.

Defendant(s).

**FILED**

DEC 13 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## COMPLAINT

Plaintiff Daniel Warner (hereinafter, "Plaintiff"), a Pennsylvania resident, by and through

his attorneys, Garibian Law Offices, P.C., against Defendant Diversified Consultants, Inc.

(hereinafter "Defendant DCI"), individually and on behalf of a class of all others similarly situated,

pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of

Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon

Plaintiff's personal knowledge.

### INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter, "the

FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

Congress was concerned that "abusive debt collection practices contribute to the number of

personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual



privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate (*Id.* §1692(b)), Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over all State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Philadelphia, 1149 North 3rd Street Apt. 1, Philadelphia, PA 19123.

8.      Defendant DCI is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256 and can be served process upon their registered agent, John Resq Crawford, at 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

9.      Upon information and belief, Defendant DCI is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

   a. all individuals with addresses in the Commonwealth of Pennsylvania;

   b. to whom Defendant DCI sent an initial collection letter attempting to collect a consumer debt;

   c. which letter that deceives the consumer by omitting the complete and accurate requirement that every part of a consumer's dispute of a debt must be in writing, as provided for under §1692g (the "G-Notice");

3

d.  which letter that was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.     Excluded from the Plaintiff Class are Defendants and all officers, members, partners, managers, directors and employees of Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e & 1692g.

16.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

4

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e & 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.     At some time prior to September 23, 2019, an obligation was allegedly incurred to Verizon.

22.     The alleged Verizon obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were used primarily for personal, family or household purposes.

23.     The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Verizon is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25.     Verizon, contracted with Defendant DCI to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the mail, telephone and internet.

6

*Violation    September 23, 2019 Collection Letter*

27.     On or about September 23, 2019, Defendant DCI sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed. A true and accurate copy of the Letter is attached as Exhibit A.

28.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

29.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

7

30.     Specifically, with regard to section 1692g(a)(3), the Third Circuit has made clear that "any dispute, to be effective, must be in writing." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).

31.     Thus, within the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt in writing under §1692g(a)(3).

32.     [I]n order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000) (citations omitted). A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication. Id. at 111; Wilson, 225 F.3d at 354.

33.     The Letter does not meet the required requirements of the FDCPA, as interpreted by the Third Circuit, because it falsely omitted the requirement of the "G Notice" in the first sentence by leaving out the requirement that a consumer must dispute in writing.

34.     In omitting the writing requirement, Defendants falsely communicated the consumer's requirements under the FDCPA.

35.     Furthermore, the second sentence of the "G Notice" begins: "If" you notify us in writing..., implying that the writing requirement is voluntary. When coupled with the failure of the first sentence to contain any mention of the word "writing," the least sophisticated consumer would be confused as to what the actual requirements were for properly disputing the debt.

36.     Pursuant to section 1692g(a)(3), the Third Circuit has made clear that "**any dispute, to be effective, must be in writing**." *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). (emphasis added). Thus, a written disclosure that fails to convey the requirement that a consumer must dispute a debt in writing falls afoul of the FDCPA's requirements.

8

37.     "Thus, [the defendant's] validation notice does not provide a clear directive to the debtor that a dispute must be in writing…The only information presented to the least sophisticated debtor to determine whether the debt must be disputed in writing is the validation notice. **Because the validation notice does not expressly state that the debtor must dispute the debt in writing, the notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing.**" *Durnell v. Stoneleigh Recovery Assocs., LLC,* 2019 U.S. Dist. LEXIS 2270, \*8-9, 2019 WL 121197 (E.D. Pa. Jan. 7, 2019). (emphasis added).

38.     "Merely tracking the statutory language is insufficient to comply with Section 1692g—the validation notice 'must also be conveyed effectively to the debtor.' In the second sentence containing the (a)(4) notice, [Defendant] informed [Plaintiff] what information [it] can obtain "if" [it] disputes the debt in writing: 'If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.' **The 'least sophisticated debtor' could reasonably interpret this language to mean she can effectively dispute the debt orally.**" *Henry v. Radius Global Sols., LLC,* 2019 U.S. Dist. LEXIS 9006, \*19, 2019 WL 266316 (E.D. Pa 2019, Jan. 18, 2019). (emphasis added).

39.     This false and inaccurate portion of the Letter is misleading because it fails to advise Plaintiff of the proper method for exercising the dispute and validation rights under the FDCPA.

40.     Plaintiff sustained an informational injury as he was not fully apprised of the rights and responsibilities necessary to properly exercise his options under §1692g.

41.     As a result of Defendant's false statements, Plaintiff effectively waived his rights to this statutorily available information because he was not properly informed of the "G-Notice" requirements set forth in the FDCPA, as interpreted in the Third Circuit.

42.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15  U.S.C. §1692e *et seq.***

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

45.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46.     Defendants violated §1692e:

    a.   As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

    b.   By making a false and misleading representation in violation of §1692e(10).

47.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

48.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50.     Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

11

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51.     Defendants violated 15 U.S.C. §1692g, by falsely misstating the consumer's rights by omitting the requirement that she must request validation and make any dispute of the debt in writing.

52.      By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.



FILED

DEC 1 3 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Daniel Warner, individually and on behalf of all others similarly situated, demands judgment from Defendant DCI as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

Antranig Garibian, Esq.
PA Bar:No. 94538
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys For Plaintiff*

13

EXHIBIT A

UNITED COLLECTION BUREAU, INC
5620 SOUTHWYCK BLVD
TOLEDO OH 43614

WWW.UCBINC.COM

August 21, 2019

1-877-455-8121

DANIEL WARNER

Current Creditor:
Original Creditor:
Last Four Digits of Original Creditor Account Number:
United Collection Bureau Inc. Reference Number:
Account Balance:

LVNV FUNDING LLC.
CREDIT ONE BANK N.A.

$1,300.98

The above referenced account has been placed with our office for collection. Please pay the total amount stated.

If you are interested in a reduction of the balance, we are authorized to offer you a settlement, for $1,105.83. We are not obligated to renew this offer.

Pay online: WWW.UCBINC.COM
(Click "Make a Payment")

Pay by phone: 1-877-455-8121
(24 hours per day)

Speak with a representative: 1-844-280-7655
8:00 a.m. - 9:00 p.m. E.T. Monday – Thursday
8:00 a.m. - 5:00 p.m. E.T. Friday
(Exceptions will apply)

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Current Creditor:
Last Four Digits of Original Creditor Acct. Num.
Account Balance:
United Collection Bureau, Inc. Reference Num.
Toll Free:

LVNV FUNDING

UD027D00
PO Box 1259
Oaks PA 19456-1259
ADDRESS SERVICE REQUESTED.

August 21, 2019

DANIEL WARNER

UNITED COLLECTION BUREAU, INC.
PO BOX 1116
MAUMEE OH 43537-1116

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

We are required under state law to notify consumers of the following rights. This list does not include all rights consumers have under state and federal law.

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Payments can be made in person at Colorado Manager, Suite 29 Garden Center, Building b, Suite 3, Broomfield, Colorado 80020, 303-920-4763.

**IDAHO:** Toll Free 1-866-___-____ during normal business hours.

**KANSAS:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, may have been requested. You have the right to request additional information which includes the nature and scope of the investigation.

**MAINE:** Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**MASSACHUSETTS:** **NOTICE OF IMPORTANT RIGHTS** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**MINNESOTA:** This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY:** New York City Department of Consumer Affairs License Number 100488.

**NORTH CAROLINA:** North Carolina Permit Numbers 101866, 113029, 8943, _____ and 4365.

**TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**WISCONSIN:** This collection agency is licensed by the Division of Banking of the Wisconsin Department of Financial Institutions, www.wdfi.org.

If you have a concern about the way we are collecting this debt, please call our toll-free Consumer Service Hotline at 1-800-309-0622, email us at UCBCompliance@unibus.com, or mail to United Collection Bureau, Inc., Compliance Department, 5620 Southwyck Blvd, Toledo, OH 43614. Please include your Reference Number on all communication. If you have a hearing or speech impairment, you can dial 711 to be automatically connected to a Telecommunications Relay Service (TRS) operator.

11/2/2019                                                     20191102_151935.jpg

